IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT J. PARKER,<br><br>            Plaintiff,<br><br>    vs.<br><br>CRETE CARRIER CORPORATION,<br><br>            Defendant. | 4:14CV3195<br><br>MEMORANDUM AND ORDER |

      The parties have filed a joint report of their ongoing discovery disputes for resolution by the court. (Filing No. 39). The parties cannot reach an agreement regarding the following discovery:

      a)     The scope of Parker's subpoena duces tecum of multiple witnesses and Crete Carrier's objections to that discovery; and

      b)     The sufficiency of Parker's initial and supplemental responses to Crete Carrier's Requests for Admissions.

(Filing No. 39). The parties' arguments and objections will be sustained in part and overruled in part as set forth below.

## Subpoena Duces Tecum

      The defendant disclosed the following non-retained experts as potential testifying witnesses in this case;

      As a Sleep Pointe, providers carrying out Crete Carrier's sleep apnea program;

      Duke Naipohn, CEO, Sleep Pointe, a certified respiratory therapist and sleep therapist;

>Tony Dollinger, COO, Sleep Pointe, a licensed sleep technician.

([Filing No. 40-8, at CM/ECF p. 2](#)).

As Sleep Pointe contract providers carrying out Crete Carrier's sleep apnea program:

>Mark S. Gosnell, M.D., Greater Baltimore Medical Center Sleep Center;
>
>Brian Bohner, M.D., Medical Director, Greater Baltimore Medical Center Sleep Center;
>
>Steven A. Schonfeld, M.D., Pulmonary and Critical Care Associates of Baltimore

([Filing No. 40-8, at CM/ECF pp. 3-4](#)).

As to each of these witnesses, the plaintiff intended to serve a subpoena to obtain all documents in the witness' possession "related to Crete Carrier's sleep apnea program." ([Filing No. 40-1](#)). Crete Carrier objected to the subpoenas as not sufficiently limited in time, overly broad, and not reasonably calculated to lead to the discovery of relevant and admissible evidence. The parties' have resolved a portion of these objections; that is, Crete Carrier does not object to the subpoenas to the extent they seek information relevant to only the plaintiff, individually.

The issue before the court is whether the plaintiff is entitled to production of all documents evidencing the relationship between Crete Carrier and Sleep Pointe.

The plaintiff's complaint alleges Defendant discriminated against him by requiring Plaintiff to submit to a sleep study or evaluation performed as part of Crete Carrier's sleep apnea program conducted through Sleep Pointe. Thus, the critical question is

2

whether Crete Carrier's sleep study policy is a valid job-related qualification standard based on reasonable medical advice and consistent with business necessity. As identified by the defendant, the Sleep Pointe employees and contract providers are not providing testimony regarding the causal relationship between obesity and sleep apnea, or between sleep apnea and the ability to perform the essential job functions of an over-the-road truck driver. They are listed solely to explain, procedurally, how the sleep study testing is performed and reviewed.

Under these circumstances, the plaintiff's demand for all documents evidencing the relationship between Crete Carrier and Sleep Pointe is overbroad: It encompasses documents which are not relevant nor likely to lead to the discovery of relevant information, and it is not limited to the program being administered in July of 2013 (the time frame relevant under Plaintiff's complaint), but rather all such documents for the entire span of the Crete Carrier's sleep apnea program. The defendant's objection to subpoenas demanding witnesses to produce every document evidencing the relationship between Crete Carrier and Sleep Pointe will be sustained.

### Requests for Admission

Crete Carrier argues Parker's responses to requests for admissions nos. 2, 4, 5, 6, 7, 9 and 12, ([Filing No. 40-4](#)), are not in compliance with Rule 36 of the Federal Rules of Civil Procedure. These requests will be addressed in turn.

Request For Admission No. 2

Request For Admission No. 2 asks the plaintiff to "[a]dmit that on or about June 11, 2012, Plaintiff Robert J. Parker had a Body Mass Index ("BMI") of over 35 kg/m²."

3

Response: Plaintiff denied this request, explaining he did not have his BMI determined at the time. He further explains that the relevant time frame is July 2013, when the defendant demanded a sleep study, not June 11, 2012.

**Ruling:** Plaintiff has sufficiently responded to this request. Plaintiff's BMI a year prior to the relevant time frame is neither relevant nor likely to lead to the discovery of relevant information.

Request For Admission Nos. 4 and 5

Request For Admission Nos. 4 and 5 ask the plaintiff to:

- Admit that a BMI of 33 kg/m² or greater is strongly associated with sleep apnea.
- Admit that sleep apnea is highly correlated with driver fatigue.

Response: Plaintiff denied these requests, stating he lacks personal experience or knowledge on these topics, they are matters properly left to expert testimony, and reasonable experts may disagree on these issues.

**Ruling:** Plaintiff has sufficiently responded to these requests. The requests ask for opinions that are not within the realm of lay knowledge or testimony. The plaintiff has a duty of reasonable inquiry, but he is not required to retain or confer with an expert to respond to Defendant's Requests for Admissions.

Request For Admission No. 6

Request For Admission No. 6 asks the plaintiff to "[a]dmit that driver fatigue is strongly associated with increased risk of motor vehicle accidents."

Response: Plaintiff denied this request, stating he lacks personal experience or knowledge on this topic, it is a matter properly left to expert testimony, and reasonable experts may disagree on this issue.

4

**Ruling:** Plaintiff has not sufficiently responded to this request. The response to this question is within the realm of lay knowledge and opinion, particularly those who, like the plaintiff, had a commercial driver's license and are/were subject to federal "hours of service" rules promulgated to prevent fatigue-related accidents.

Request For Admissions Nos. 7 and 9

Request For Admission Nos. 7 and 9 ask the plaintiff to:

- Admit that Robert Parker requested a personal leave of absence beginning August 11, 2013.

- Admit that on or about August 26, 2013, Robert Parker obtained alternative employment.

Response: Plaintiff admitted both requests, and then explained why the defendant is responsible and culpable for both of these decisions.

**Ruling:** Plaintiff's exculpatory statements are not properly added to his responses to the requests for admissions. As such, as to both requests, the language after the word "Admit" is stricken, but without prejudice to plaintiff later explaining the admission to the trier of fact.

Request For Admission No. 12

Request For Admission No. 12 asks the plaintiff to "[a]dmit that Crete Carrier's sleep apnea program is consistent with business necessity."

Response: Plaintiff denied this request, essentially stating business necessity should be decided on a case-by-case basis; that is, Plaintiff provided Defendant with a diagnosis stating he does not have sleep apnea, sleep studies are not always necessary, and there must be a clinical correlation between a worker's need for a sleep study and that worker's job performance.

**Ruling:** Plaintiff has sufficiently responded to this request. The question appears to be whether, in the context of assessing the causal relationship and association between obesity, sleep apnea, and driver fatigue, business necessity under the ADA should be assessed based on company-wide screening or on a case-by-case basis—with the parties advocating opposite positions on this issue of mixed law and fact. The plaintiff's response adequately explains his reason for denying the request.

Accordingly,

IT IS ORDERED:

1) The parties' discovery arguments and objections, (Filing No. 39), are sustained in part and overruled in part as set forth in this order.

2) On or before September 10, 2015, Plaintiff shall further answer Request for Admission No. 6.

Dated this 4th day of September, 2015

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

6